# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHAD B. SCOTT, <br><br>            Plaintiff, <br><br>   v. <br><br> COUNTY OF LOS ANGELES, SHERIFF LEROY BACA, GREGORY WHALEN, BRANDON HARTSHORNE, ERIK JEPSON, SYLVESTER HARDISON, AND DOES 1 to 10, inclusive, <br><br>            Defendants. | CASE NO. CV 13-02498 RGK (Ex) <br><br> [~~PROPOSED~~] **JUDGMENT IN FAVOR OF DEFENDANTS** |

Plaintiff Chad Scott sues the County of Los Angeles, Sheriff Lee Baca, Deputy Gregory Whalen, Deputy Brandon Hartshorne, Deputy Erik Jepson, and Deputy Sylvester Hardison alleging a federal civil rights cause of action under 42 U.S.C. § 1983 in which he claims that on April 6, 2011, his civil rights were violated when Los Angeles County Sheriff's Deputies used excessive force on him during his arrest.

Plaintiff alleges a Section 1983 cause of action under *Monell v. New York*

1 *City Dep't of Social Services*, 436 U.S. 658, 694 (1978), for an alleged unconstitutional policy.

Plaintiff further sues for violations of Americans with Disabilities Act of 1990 and Rehabilitation Act of 1973.

The undisputed evidence shows that based on Plaintiff's conduct and statements, the Deputies had reason to believe that a crime had occurred and had probable cause to arrest Plaintiff.  The evidence also shows that Plaintiff forcefully and violently resisted arrest, and that the Deputies had good cause to believe that Plaintiff posed an immediate threat to the safety of the officers and others.  In light of this, the court finds that no reasonable trier of fact could find that the actions taken by the Deputies were objectively unreasonable.  Therefore, the Court finds that the Deputies did not violate Plaintiff's constitutional rights through excessive force.  Without a constitutional violation, Plaintiff's Civil Conspiracy claim, and claims under *Monell* and supervisory liability also fail.

Plaintiff's second and third claims, that the County violated the ADA and the Rehabilitation Act fail for a multiple reasons.  As a threshold requirement, the ADA protects only qualified individuals with disabilities as defined by statute.  Similarly, the Rehabilitation Act also protects only individuals with disabilities as defined in section 705(9)(B) of the Act.  Plaintiff has offered no evidence raising a triable issue as to his status as an "individual with a disability" under either statute.  As such, both Claims Two and Three fail.

/ / /

/ / /

/ / /

/ / /

/ / /

1  As such, Defendants County of Los Angeles, Sheriff Lee Baca, Deputy
2  Whalen, Deputy Hartshorne, Deputy Jepson and Deputy Hardison's Motion for
3  Summary Judgment is GRANTED.  IT IS THEREFORE, ORDERED, ADJUDGED
4  AND DECREED THAT judgment be, and hereby is entered in favor of Defendants,
5  and against Plaintiff.  Plaintiff shall take nothing from this action and Defendants
6  shall recover their costs.
7  DATED: March 11, 2014           _____/s/ Gary Klausner_____
8                                   The Honorable R. Gary Klausner
                                    United States District Court Judge

# PROOF OF SERVICE

STATE OF CALIFORNIA, County of Los Angeles:

Beatriz Linares: states: I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action. My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713

That on **March 11, 2014**, I served the attached

**[PROPOSED] JUDGMENT IN FAVOR OF DEFENDANTS**

upon Interested Party(ies) by placing   the original   a true copy thereof enclosed in a sealed envelope addressed   as follows   as stated on the attached service list:

**Chad B. Scott - in pro se**
**925 Glenlea Street**
**La Verne, CA 91750**

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package   addressed to the persons at the addresses on the attached service list (specify one):

☐ (1) deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ (2) placed the envelope for collection and mailing, following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 11, 2014**, at Los Angeles, California.

|  Beatriz Linares  |  |
| --- | --- |
| **(NAME OF DECLARANT)** | **(SIGNATURE OF DECLARANT)** |